J. McClure *v.* Robert King. ·

Although it is not a good objection to the competency of a witness that he is a creditor of the party for whom he is called to testify, yet the fact may be shown as affecting his credibility.

Where it does not appear that a party was aware at the time of crossing his adversary's interrogatories that the witness had an interest in the event of the suit, the objection may be made, although not reserved.

APPEAL from the District Court of the Parish of Tensas, *Farrar*, J. *H. B. Shaw*, for plaintiff. *Farrar & Reeves*, for defendant and appellant.

COLE, J.    This is a suit on a contract by which plaintiff undertook to build ten double negro quarters for defendant, for the price of $5000 according to certain specifications. Plaintiff further claims to recover of defendant $1045 for what he terms " other" and " extra" work.

Plaintiff annexes to his petition his account, which he credits with $2937 60.

The answer admits that the contract was made, but avers it was violated in almost every particular by plaintiff, and claims judgment for damages to the amount of $6668 63, in reconvention of plaintiff's demand.

This case was submitted to a jury, who rendered the following special verdict: " We, the jury, find as follows, viz., that the plaintiff be allowed full compensation as per contract, and that all *extra* charges be deducted in lieu of damaged lumber ;" and upon this verdict a judgment was rendered against defendant for $2062 37, and costs.

It appears to us that this verdict is not sufficiently precise and lucid, for, according to the contract, each cabin was estimated at five hundred dollars, and the jury do not inform us whether all the cabins were finished or only a part.

But besides this objection to the verdict, there is also an error in the ruling of the lower court, which must cause this case to be remanded.

The depositions of *Follansbee* and *Yeakle*, taken by commission, constitute the whole of plaintiff's testimony.

*Follansbee's* deposition was objected to, on the ground that he was an interested witness—he having sued plaintiff by attachment, and garnisheed *King*, and defendant excepted to the opinion of the court rejecting the admission in evidence of the suit of *Follansbee* v. *McClure* and *R. King, garnishee*, which was offered for the purpose of showing that the said *Follansbee* was an interested witness in this cause.

It is true that a creditor of a party is not necessarily incompetent as a witness for him, but we think that defendant ought to have been permitted to have offered in evidence the suit of *Follansbee* v. *McClure*, in order to give the jury the knowledge of the position of the witness as affecting his credibility.

It is objected that interrogatories to *Follansbee* were served on the defendant, and crossed by his counsel, and no objection made to his competency, and no reservation made of any objections whatever ; it does not appear, however, that the counsel of defendant was aware at the time of crossing the interrogatories of the interest of *Follansbee* in the event of this suit.

It is, therefore, ordered, adjudged and decreed that the verdict of the jury,

and the judgment of the court thereon, be avoided and reversed, and that this cause be remanded for further proceedings, according to law, in the lower court, with instructions to the judge *a quo* to permit defendant to offer in evidence the suit of *Lambert T. Follansbee* v. *James McClure*; and it is ordered that plaintiff and appellee pay the costs of appeal.

Mr. Justice Voorhies took no part in this case, on account of indisposition.

Spofford, J., dissenting. I do not think it necessary to remand the cause for evidence which is already in the record.

The suit of *Follansbee* v. *McClure*, which the defendant offered for the purpose of "impeaching" *Follansbee's* testimony, whom he had previously cross-examined without making or reserving any objections, is attached to the bill of exceptions. It appears to have been instituted after the witness gave his testimony, and only shows that he claimed to be a creditor of *McClure*. This is not sufficient to impeach the witness; nor, in my opinion, would the conclusions of the jury upon the evidence have been changed had the court ruled differently.

The verdict appears to me sufficiently intelligible.

The contract price for building the ten cabins was $5000. The bill for other work and lost lumber, not embraced in the contract, was $1045.

The defendant pleaded an extravagant demand of $6668 63 for damages in reconvention.

The jury found "that plaintiff be allowed full compensation as per contract" (that is $5000), "and that all extra charges be deducted in lieu of damaged lumber;" that is, they found that extra work was done and lumber lost to the amount of $1045, as charged, but damages were found to that amount upon the reconventional demand, which two claims were to off-set each other.

This verdict authorized the Judge to give the plaintiff a judgment for $2062 40, as he did, that is for $5000, the contract price, less $2937 60 already paid, as admitted by the plaintiff.

The evidence of defendant's own witnesses show that this judgment has done him no injustice. His overseer says that "if the lumber were good, the houses were built very well." Another of his witnesses, *Mr. Grant*, says that *one* or *two* of the quarters had damaged lumber in them, the others were of cypress and of good lumber. Merely for the inferiority of lumber thus used in one or two of the cabins, the defendant has been allowed over $1000, by way of damages: that is more than the whole contract price for two cabins, materials and all. I think he, at least, has no right to complain of the verdict rendered by his neighbors, a jury asked for by himself, and who appear to have given the case a careful investigation. The Judge who presided refused a new trial, and, I think, we should affirm the judgment, and end this litigation.